1

**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

2

3

4

5   John L. Collins
Arizona Bar No. 030351
6   johnc@phillipsdayeslaw.com
TREY DAYES
7   Arizona Bar No. 020805
treyd@phillipslaw.com
8   DAWN SAUER
Arizona Bar No. 030271
9   dawns@phillipsdayeslaw.com

10  Attorneys for Plaintiff

11                    **UNITED STATES DISTRICT COURT**

12                        **DISTRICT OF ARIZONA**

13

14   | Jeremy Small; | Case No.: _____ |
|---|---|
15   |        Plaintiff, | |
| | |
16   | | **COMPLAINT** |
|    vs. | |
17   | | |
| Ricochet Excavating, LLC, an Arizona | **JURY DEMAND** |
18   | limited liability company; and Michael | |
| Thomas Wyman and Jan Carol Wyman, | |
19   | husband and wife; | |
| | |
20   |        Defendants. | |

21

22          Plaintiff Jeremy Small, by and through John L. Collins, Trey Dayes, and Dawn M.

23   Sauer, of and for the PHILLIPS DAYES LAW GROUP PC, for his Complaint against

24

25

Defendants Ricochet Excavating, LLC, Michael Thomas Wyman, and Jan Carol Wyman avers as follows:

**<u>NATURE OF THE CASE</u>**

1.     The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2.     Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3.     Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages and failure to pay minimum wage in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4.     For at least two years prior to the filing of this action, Defendants had a consistent policy and practice of requiring their employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.     For at least two years prior to the filing of this action, Plaintiff worked at

least ten hours in excess of forty (40) hours per week, and often twenty hours in excess of forty hours per week, and was not paid time and one-half.

6.    Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

7.    In addition, Plaintiff seeks to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to A.R.S. §§ 23-355 and 12-341.01.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

9.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

10.   At all times material hereto, Plaintiff Jeremy Small was and continues to be a resident of Maricopa County, Arizona.

11.   On information and belief, at all times material hereto, Defendant Ricochet Excavating, LLC, was and continues to be an entity organized under the law of the State of Arizona, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

12.   On information and belief, at all times material hereto, Defendants Michael Thomas Wyman and Jan Carol Wyman were and continue to be residents and

domiciliaries of Maricopa County, Arizona, and are subject to the jurisdiction of this Court.

13.   On information and belief, Defendants Michael Thomas Wyman and Jan Carol Wyman are husband and wife, and Defendants engaged in all conduct complained of herein on behalf of, and for the benefit of, the marital community, which is liable for all debts complained of herein.

14.   On information and belief, Defendants Michael Thomas Wyman and Jan Carol Wyman made all managerial and operational decisions on behalf of the business.

15.   At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

16.   The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

17.   At all relevant times, Defendants were and continue to be an "employer" as defined in 29 U.S.C. § 203(d).

18.   Defendants each should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

19.   All Defendants are co-equally liable for all matters.

20.   At all times material to this action, Defendants were and continue to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

21.   On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

# FACTUAL BACKGROUND

22.   Defendants hired Plaintiff as a general laborer in July 2012.

23.   Plaintiff's job duties included general labor, spreading gravel, laying pipe, and other manual labor at job sites and at the home of the Wyman Defendants.

24.   Defendants paid Plaintiff the flat rate of $500.00 per week for his labors.

25.   Plaintiff had no supervisory or managerial duties.

26.   Plaintiff had no authority to hire or fire other employees.

27.   Plaintiff had no employees report directly to him.

28.   Plaintiff had no ability to use discretion but was closely supervised at all times.

29.   All major decisions had to be cleared by a supervisor, and Plaintiff had no authority to make such decisions.

30.   Plaintiff simply followed established company procedure and did exactly what he was instructed to by Defendants.

31.   Defendants scheduled Plaintiff to work from approximately 5:30 a.m. until approximately 3:30 p.m. at least five days per week and often six days per week.

32.   Per Defendants' work schedule, Plaintiff routinely worked at least fifty hours per week and often sixty or more hours per week.

33.   Defendants never paid Plaintiff any amounts more than his flat wage of $500.00 per week, regardless of the number of hours he worked each week.

34.   Defendants never paid Plaintiff at a rate of one and one-half Plaintiff's regular rate of pay for any hour worked in excess of forty hours per week.

35.   On information and belief, Defendants failed to accurately track the hours worked by Plaintiff and used this failure to keep track of hours as their basis for failing to pay Plaintiff for his overtime work.

36.   At times, Defendants failed to give Plaintiff any pay on at least three occasions, and gave Plaintiff only partial pay on several other times, claiming that they did not have sufficient funds to cover his entire paycheck, and thereby paid him only in part for the work that he did during a given week.

37.   Defendants at no time made up the missed payments to Plaintiff.

38.   Plaintiff has retained the law offices of Phillips Dayes Law Group PC to prosecute this action on his behalf and has agreed to pay a reasonable attorneys' fee for such representation.

**COUNT ONE**
**<u>OVERTIME VIOLATION—29 U.S.C. § 207</u>**

39.   Plaintiff incorporates and adopts paragraphs 1 through 37 above as if fully set forth herein.

40.   While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

41.   Plaintiff was a non-exempt employee.

42.   Defendants have intentionally failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

43.    On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

44.    As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

45.    Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

46.    In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

47.    On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

48.    Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his federal minimum wages remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

  a.    Awarding Plaintiff overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate

equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendants, in an amount proved at trial;

b.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.   Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f.   For such other and further relief as the Court deems just and proper.

**COUNT TWO**
**FAILURE TO PAY WAGES**

49.   Plaintiff incorporates and adopts paragraphs 1 through 48 above as if fully set forth herein.

50.   On information and belief, Defendants failed to pay Plaintiff "wages," as that term is defined by A.R.S. § 23-350, at Plaintiff's regular rate of pay while Plaintiff was employed by Defendants.

51.   On information and belief, Defendants' failure to pay Plaintiff's wages was willful, unreasonable, and in bad faith.

52.   Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount of wages not paid by Defendants.

53.   Pursuant to, *inter alia*, A.R.S. § 12-341.01, Plaintiff is entitled to an award of attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

a.   Awarding Plaintiff regular compensation in the amount due to him for all of Plaintiff's time worked for which Defendants has not paid Plaintiff;

b.   Awarding Plaintiff treble the amount calculated pursuant to the preceding paragraph;

c.   Awarding Plaintiff reasonable attorneys' fees pursuant to A.R.S. § 12-341.01;

d.   Awarding Plaintiff costs and expenses reasonably incurred in this action;

e.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

g.   For such other and further relief as the Court deems just and proper.

1

2

**COUNT THREE**
**DECLARATORY JUDGMENT**

3

4

54.   Plaintiff incorporates and adopts paragraphs 1 through 53 above as if fully set forth herein.

5

6

55.   Plaintiff and Defendants have a dispute pending relating to violations of the overtime provisions of the FLSA.

7

8

56.   The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

9

10

11

12

57.   Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

13

    a.   Defendants employed Plaintiff.

14

15

    b.   Defendants are engaged in an enterprise covered by the overtime and wage provisions of the FLSA.

16

17

    c.   Plaintiff individually is covered by the overtime and wage provisions of the FLSA.

18

    d.   Plaintiff worked in excess of forty hours per week at Defendants' request.

19

20

21

    e.   Defendants failed and refused to pay Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for each hour worked in excess of forty hours per week.

22

23

24

    f.   Plaintiff is entitled to payment of his overtime wages and an equal amount as liquidated damages.

25

g.   Plaintiff is entitled to recover his reasonable costs and attorneys' fees incurred herein.

58.   It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

59.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.   Declaring, pursuant to the Declaratory Judgments Act, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b.   Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b); and

c.   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

1

2      Dated: November 12, 2013

3                    Respectfully submitted,

4                    **PHILLIPS DAYES LAW GROUP PC**

5
                By: /s/ John L. Collins
6                         John L. Collins

7                         Arizona Bar No. 030351
                         johnc@phillipsdayeslaw.com
8                         Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25